UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIANA WHITE o/b/o TONYA
WHITE (deceased),

    Plaintiff,

v.                                           Case No.:  8:23-cv-1756-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Kiana White seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying the claim of her deceased mother, Tonya White,[1] for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

---

[1] Claimant Tonya White passed away on February 22, 2022. (Tr. 2749). For clarity in this Opinion and Order, the term "Plaintiff" will refer to Tonya White.

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on September 17, 2020, and for supplemental security income on December 22, 2020, alleging disability beginning on August 1, 2018. (Tr. 110, 111, 326-34). The applications were denied initially and on reconsideration. (Tr. 110-113). Kiana White requested a hearing, and on February 13, 2023, a hearing was held before Administrative Law Judge Steven Slahta ("ALJ"). (Tr. 48-67). On February 28, 2023, the ALJ entered a decision finding Plaintiff was not under a disability from August 1, 2018, through the date of death. (Tr. 17-38).

Kiana White requested review of the decision, but the Appeals Council denied her request on March 30, 2023. (Tr. 1-5). Kiana White began the instant action by Complaint (Doc. 1) filed on August 7, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity after August 1, 2018, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative

disc disease, cervical, thoracic, and lumbar spine; post laminectomy syndrome of the cervical region; migraine headaches; pseudoseizures; depressive disorder; anxiety disorder; obesity." (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> The claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) with only occasional posturals; only occasional exposure to hazards; with the ability to understand, carry out, and remember only simple, routine, and repetitive tasks involving only simple, work-related decisions; with the ability to adapt to routine workplace changes; and with only occasional interaction with the general public, co-workers, and supervisors.

(Tr. 25).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as a general clerk. (Tr. 36). At step five, the ALJ found that considering Plaintiff's age (47 years old on the alleged disability date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Tr. 36-37). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1)  Marker, DOT[2] 209.587-034, light, SVP 2

(2)  Housekeeper/cleaner, DOT 323.687-014, light, SVP 2

(3)  Routing clerk, DOT 222.687-022, light, SVP 2

(Tr. 37). The ALJ concluded that Plaintiff was not under a disability from August 1, 2018 through the date of death. (Tr. 37).

## II.   Analysis

On appeal, Plaintiff challenges whether the ALJ's decision was in error in failing to include in the RFC findings any limitations reasonably associated with Plaintiff's migraine disorder. (Doc. 21, p. 3). Plaintiff contends that the ALJ found Plaintiff's migraine headaches a severe impairment at step two yet failed to include any limitations from this severe impairment in the RFC assessment. (Doc. 21, p. 3-4). Plaintiff argues that the RFC assessment does not contain limitations generally associated with migraine headaches, such as a need to avoid bright lights, avoid loud noises, and lie down in quiet dark rooms when the symptoms are severe. (Doc. 21, p. 5). Plaintiff failed to support these arguments by citation to the record and as such, do not warrant remand.

---

[2] DOT refers to the *Dictionary of Occupational Titles*.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision at step two, the ALJ found Plaintiff had severe impairments, including migraine headaches. (Tr. 20). The ALJ also considered the effects of the medications prescribed for this impairment as well as Plaintiff's other impairments. (Tr. 20). The ALJ found that Plaintiff's severe impairments, including her migraine headaches, "significantly limited the ability to perform basic work activities as required by SSR 85-28." (Tr. 20).

Throughout the decision, the ALJ thoroughly summarized the medical evidence and included many references to Plaintiff's migraine headaches. The ALJ noted that Plaintiff alleged disability in part based on her migraine headaches. (Tr.

25). The ALJ also noted that Plaintiff's daughter testified that Plaintiff would complain of migraine headaches, which she had multiple times a week and would last for four to six hours. (Tr. 26). The ALJ further noted that Plaintiff received medication from both her pain management provider and neurologist for treatment of migraines. (Tr. 27, 29, 30).

Plaintiff argues that the ALJ failed to include typical limitations for migraine headaches in the RFC, such as avoiding bright lights, avoiding loud noises, and needing to lie down in a dark room when the symptoms are severe. (Doc. 21, p. 5). First, Plaintiff failed to cite the record showing that bright lights or loud noises caused or exacerbated her migraine headaches or that when she had a migraine headache she needed to lie down in a dark room.

Second, the ALJ specifically found that because of Plaintiff's migraine headaches, as well as other impairments, he limited the RFC assessment to only occasional exposure to hazards. (Tr. 33). The ALJ also noted that Plaintiff suffered cognitive effects from her migraine headaches, as well as other impairments, and recognized she had moderately limited mental functioning during the relevant period. (Tr. 33). As a result, the ALJ explained the limitations in the RFC assessment:

> Although difficulties with memory and focus are not observed and documented in the record, it is certainly reasonable the claimant would experience some degree of difficulty learning, recalling, and using information to perform work activities, as

> well as in her ability to focus attention on work activities and stay on task at a sustained rate on a regular and consistent basis in the performance of work activity, given her mood symptoms and heavy medication use. However, even when on her medication regimen, her mental functioning was adequate to understand, carry out, and remember simple, routine, and repetitive tasks, involving only simple, work-related decisions. Because of her mood symptoms and reported isolation secondary to depression, she may have had some difficulty relating to and working with others, such that she would be limited to only occasional interaction with supervisors, co-workers, and the general public. Her mood symptoms and narcotic medication use, with possible abuse/misuse, would moderately limit her ability to regulate her emotions, control her behavior, and maintain well-being in a work setting, which further supports limiting her to simple, routine, and repetitive tasks in a socially limited setting, as well as work requiring her to adapt to only routine workplace changes.

(Tr. 33). The ALJ considered the medical and other evidence of record, including evidence concerning Plaintiff's migraine headaches and related medications, in assessing Plaintiff's RFC. Substantial evidence supports the ALJ's RFC assessment.[3]

---

[3] Plaintiff alleges that the ALJ suggested that Plaintiff was abusing her medications and was overly medicated. (Doc. 21, p. 5). Plaintiff "posits that there is no good reason to posthumously discredit the claimant's complaints. It is apparent that the claimant was not taking pain medication for recreational purposes. She was in severe pain and it appears that due to a buildup of tolerance to the pain medication she overdosed, which resulted in her death." (citing her death certificate, (Tr. 2749)). Other than this mention, Plaintiff does not raise an issue as to Plaintiff's subjective complaints nor cite any legal authority in support. Thus, Plaintiff waived any such issue on appeal. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived).

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 26, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties